# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY S. HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-00265-DRH-SCW |
| | ) |
| HARTFORD LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER TO PRESERVE CONFIDENTIAL AND PROPRIETARY DOCUMENTS AND INFORMATION

For the purpose of protecting the interests of the parties in the above-captioned matter against improper use and disclosure of confidential information submitted or produced in connection with this matter:

**IT IS HEREBY ORDERED THAT** this Protective Order to Preserve Confidential and Proprietary Documents and Information ("Protective Order") shall govern the handling of all Discovery Material, as hereinafter defined.

## DEFINITIONS

A. "Confidential Discovery Material" means all Discovery Material that is confidential or proprietary information produced in discovery. Confidential Discovery Material shall include personal and private identifying information and non-public commercial information, the disclosure of which may cause harm to the Producing Party or persons identified in the Discovery Material. Discovery Material will not be considered confidential if it is in the public domain prior to disclosure by the Producing Party.

B. "Counsel of Record" means attorneys who have filed appearances in this matter.

C. "Discovery Material" includes deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, Documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other Documents or information produced or given to one Party by a Non-Party pursuant to a subpoena or otherwise in connection with discovery in this Litigation and relating to (1) Hartford's internal information, policies, records and data, including but not limited to personnel records, compensation materials and Hartford's claim procedures manuals, training guidelines and instructive memoranda regarding the processing of long-term disability benefits; (2) contracts, agreements, data and records relating to any third-party, or their employer, who provided or was involved with the medical review of

1

Plaintiff for Hartford; (3) the underwriting file for the MasterCard Worldwide Group Disability Income Insurance Plan; and, (4) data and records relating to the MasterCard Worldwide Group Disability Income Insurance Plan. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

D. "Document" means the complete original, or a true, correct, and complete copy, and any non-identical copies, of any written or graphic matter, no matter how produced, recorded, stored, or reproduced, and includes all drafts and all copies of every writing, record, or graphic that contain any commentary, notes, or marking that does not appear on the original. "Document" includes, but is not limited to, every writing, letter, envelope, telegram, e-mail, meeting minute, contract, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, drawing, photograph, tape, compact disc, video tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary entry, calendar, organizer, desk pad, telephone message slip, note of interview or communication, or any other data compilation from which information can be obtained.

E. "Expert" or "Consultant" means testifying or consulting experts, and their assistants, who are retained to assist counsel in preparation for the Litigation.

F. "Litigation" means the matter captioned Gary S. Hines v. Hartford Life Insurance Company, Cause No. 3:10-cv-00265-DRH-SCW, pending in the United States District Court for the Southern District of Illinois, East St. Louis Division.

G. "Party" or "Parties" means Plaintiff, Gary S. Hines and/or Defendant, Hartford Life Insurance Company and all other persons or entities that currently are parties to the Litigation or that become parties to the Litigation in the future.

H. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation, and their employees, directors, officers, attorneys, and agents.

I. "Person" means any natural person, business entity, corporate entity, sole proprietorship, partnership, association, governmental entity, or trust.

J. "Producing Party" means a Party or Non-Party that produced or intends to produce Confidential Discovery Material to any of the Parties.

K. "Disclosing Party" means a Party or Non-Party that is disclosing or contemplating disclosing Confidential Discovery Material pursuant to this Protective Order.

## **TERMS AND CONDITIONS OF PROTECTIVE ORDER**

1. Confidential Discovery Material, or information derived therefrom, shall be used solely by the Parties for the preparation, trial and any appeal of this Litigation, and shall not be used for any other purpose, including without limitation any business or commercial purpose.

2. This paragraph concerns the designation of material as "Confidential."

    (a) Designation of documents as "CONFIDENTIAL."

Discovery Material may be designated as Confidential Discovery Material by Producing Parties by placing on or affixing, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL" to each page of a document containing such Confidential Discovery Material, or by instructing the court reporter to denote each page of a transcript containing such Confidential Discovery Material as "Confidential." Such designations shall be made upon production or, with respect to documents produced in depositions and deposition testimony, within two (2) days from the deposition, and shall constitute a good-faith representation by counsel for the Party or Non-Party making the designations that the document constitutes or contains "Confidential Discovery Material."

3. Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

    (a) Counsel of Record in this action and their partners or associate attorneys in the Litigation;

    (b) Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

    (c) Experts or Consultants consulted or retained by Counsel of Record to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the direct supervision of said persons conditioned upon their agreement to read and abide by the terms of this Protective Order;

    (d) The members, officers, directors or employees of a Party to this Litigation, only to the extent that such persons are assisting Counsel of Record for that Party in the conduct of this Litigation;

    (e) The Court;

    (f) Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

(g) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify;

(h) The Parties and Officers or Employees of the Parties; and

(i) Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

4. All Experts and Consultants to whom Confidential Discovery Material shall be disclosed must, by reviewing the documents, agree to the jurisdiction of this Court over their person for the purposes of any action seeking to enforce the terms and conditions of this Protective Order or any action for contempt for violation of the terms of this Protective Order. All Experts and Consultants to whom the information is disclosed will provide their name, address and telephone number and sign the attached Exhibit "A" evidencing their agreement to the terms of this Protective Order.

5. **Filing of "CONFIDENTIAL" Documents Under Seal**. Before filing any "CONFIDENTIAL" document under seal, the party must first file a motion with the Court. The Court will review the document in camera and make an individualized determination as to whether sealed filing is appropriate. *See Bond v. Utreras*, 585 F. 3d 1061, 1073-74 (7th Cir. 2009); *Citizen First Nat'l. Bank of Princeton v. Cincinnati Ins. Co.*, 18 F.3d 943, 944-45 (7th Cir. 1999). Any document or information not granted sealed status by the Court which is filed, or made part of the Record, SHALL become part of the Public Record of this case.

6. Prior to the disclosure of any of the Confidential Discovery Material or information covered by this Protective Order to persons described in paragraphs 3(c) and 3(i) herein, the Disclosing Party shall furnish a copy of this Protective Order to the person, firm, or corporation to whom the materials or information contained therein is to be disclosed, and shall advise such persons that, pursuant to this Protective Order, such Confidential Discovery Materials or information contained therein, may not be divulged or disseminated, in any way, to any other person, firm or corporation. No person to whom confidential materials are disclosed pursuant to the provisions of this Protective Order shall disclose Confidential Discovery Material to any person not entitled, under the terms of this Protective Order, to receive it. In the event that a person, firm or corporation, after being furnished with a copy of this Protective Order as required above, refuses to agree to abide by the terms of this Protective Order, counsel for the party seeking to disclose confidential materials to such person, firm or corporation shall, *prior to any disclosure*, consult with counsel for the Producing Party in a good faith effort to resolve by agreement the dispute regarding the desired disclosure. If no agreement can be reached after conference on the matter, the Disclosing Party shall file a motion within seven (7) business days seeking the Court's resolution of the dispute. The Confidential Discovery Material or information shall not be disclosed to the person, firm or other entity pending a ruling by the Court.

7. This paragraph governs the procedures for the following specified disclosures and challenges to designations of confidentiality.

(a) Challenges to Confidentiality Designations.

If any Party seeks to object to or challenge a Producing Party's designation of material as Confidential Discovery Material or any other restriction contained within this Protective Order, the challenging Party shall notify the Producing Party and all Parties to this Litigation of the challenge to such designation via facsimile or email. Such notice shall identify with specificity (*i.e.,* by Bates stamp numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the designation being challenged. The Producing Party may preserve its designation within five (5) business days of receiving notice of the confidentiality challenge by providing the challenging Party and all Parties to this action with a written statement of the reasons for the designation. If the Producing Party timely preserves its rights, the Parties shall continue to treat the challenged material as Confidential Discovery Material, absent a written agreement with the Producing Party or order of the Court. At the end of five (5) business days the challenging Party may file a motion with the Court as provided by paragraph 7(b) of this Protective Order. However, if the Producing Party does not preserve its rights within five (5) business days of receiving the challenge to its designation, the challenging Party may alter the designation as contained in the notice by notifying the Producing Party and the other Parties to this Litigation in writing of any changes in confidentiality designations.

(b)    Challenges to an Attempt to File Confidential Discovery Material Under Seal.

Either Party or any member of the public may challenge any attempt to file a document under seal.

(c)    Resolution of Disclosure or Confidentiality Disputes.

If negotiations under subparagraph 7(a) of this Protective Order have failed to resolve a dispute regarding the designation or disclosure of Confidential Discovery Material, a Party seeking to disclose Confidential Discovery Material or challenging a confidentiality designation or any other restriction contained within this Protective Order may file a motion within three (3) business days of the expiration of the challenge period set forth in subparagraph 7(a) of this Protective Order, seeking the Court's resolution of the dispute. The "confidential" material shall not be disclosed to the person, firm or other entity pending a ruling by the Court.

8.     Counsel of Record for each party to this Litigation shall maintain a list of all Experts, Consultants, and fact witnesses to whom Confidential Discovery Material and/or information covered by this Protective Order has been disclosed, and the entire list may be made be available to counsel for any Party upon a showing of good cause to the Court after the conclusion of litigation. Nothing herein precludes any Party to this Litigation, in connection with a motion to enforce this Protective Order, from requesting that the Court order disclosure of person or persons provided Confidential Discovery Material and/or information.

9. Confidential Discovery Material shall not be copied or reproduced for use in this Litigation except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation, and all such copies or reproductions shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "Confidential," as appropriate.

10. The Parties shall not be obligated to challenge the propriety of any designation or treatment of information as Confidential Discovery Material and the failure to do so promptly shall not preclude any subsequent objection to such designation or treatment, or any motion seeking permission to disclose such material to persons not referred to in paragraph 3. If Confidential Discovery Material is produced without being marked as such, then such document shall be treated as Confidential Discovery Material from the time the Producing Party advises opposing counsel in writing that such material should be so designated and provides all the Parties with an appropriately labeled replacement. The Parties shall return or destroy the unmarked documents within (7) days after receiving these appropriately labeled replacement documents.

11. If any Party receives a discovery request in another proceeding that may require the disclosure of a Producing Party's Confidential Discovery Material, that Disclosing Party shall promptly notify the Producing Party of receipt of such request. Such notification shall be in writing, and sent for receipt by the Producing Party immediately, but under no circumstances later than at least ten (10) business days before the requested date of production, or within a reasonable time if the Disclosing Party receives a request for production which requires disclosure in less than ten (10) business days, and shall include a copy of this Protective Order and a cover letter that will apprise the Producing Party of its rights hereunder. If the Producing Party receives proper and timely notice of the discovery request under this paragraph then the Producing Party shall be solely responsible for asserting any objection to the requested production. If the Disclosing Party fails to provide proper and timely notice of the discovery request under this paragraph then the Producing Party shall be automatically deemed to object to the disclosure of any Confidential Discovery Material or information and, *prior to any disclosure*, the Disclosing Party shall file a motion within seven (7) business days seeking the Court's resolution of the dispute. The Confidential Discovery Material or information shall not be disclosed to the person, firm or other entity pending a ruling by the Court.

12. Any notes, memoranda, summaries, identification or indexes relating to any of the Confidential Discovery Materials or information produced during the course of this Litigation shall not be disseminated to any persons other than those specifically authorized by this Protective Order, and shall be used solely in connection with the preparation, trial and any appeal of this Litigation and for no other purpose. All such notes, memoranda, summaries, identification or indexes relating to such Confidential Discovery Materials, and any copies thereof, prepared by the attorneys of record are subject to the terms of this Protective Order for as long as such documents exist. All notes, memoranda, summaries, identification or indexes relating to such Confidential Discovery Materials or information, prepared by anyone other than the Counsel of Record will be destroyed at the conclusion of the Litigation.

13.     The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Discovery Material shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of this Litigation.

14.     All physical documents, information or other discovery materials covered by this Protective Order, and all copies thereof, except work product and materials filed with the court, shall be returned to the Producing Party or destroyed within fourteen (14) days after the conclusion of this Litigation.

15.     The production or disclosure of any Discovery Material made after entry of this Protective Order which a Producing Party claims was inadvertently produced without being designated "Confidential" or inadvertently produced but should not have been produced or disclosed because of a privilege will not automatically be deemed to be a waiver of any designation of "Confidential Discovery Material" or privilege to which the Producing Party would have been entitled had the Discovery Material not been inadvertently produced or disclosed. In the event of such claimed inadvertent production or disclosure, the following procedures shall be followed:

   (a)     The Producing Party may request the return of any such Discovery Material within twenty (20) days of discovering that it was inadvertently produced or disclosed (or inadvertently produced or disclosed without redacting the privileged content). A request for the return of any Discovery Material shall identify the specific Discovery Material and the basis for asserting that the specific Discovery Material (or portions thereof) is subject to being marked "Confidential Discovery Material" or the attorney-client privilege and/or the work product doctrine and the date of discovery that there had been an inadvertent production or disclosure.

   (b)     If a Producing Party requests the return, pursuant to this paragraph, of any such Discovery Material from another Party, the Party to whom the request is made shall return immediately to the Producing Party all copies of the Discovery Material within its possession, custody, or control-including all copies in the possession of experts, consultants, or others to whom the Discovery Material was provided - unless the Party asked to return the Discovery Material in good faith reasonably believes that the Discovery Material is not Confidential Discovery Material or subject to any privilege. Such good faith belief shall be based on either (i) a facial review of the Discovery Material, or (ii) the inadequacy of any explanations provided by the Producing Party, and shall not be based on an argument that production or disclosure of the Discovery Material waived any privilege or any right to designate documents "Confidential."  In the event that only portions of the Discovery Material contain Confidential and/or privileged subject matter, the Producing Party shall substitute a redacted version of the Discovery Material at the time of making the request for the return of the requested Discovery Material.

   (c)     Should the Party contesting the request to return the Discovery Material pursuant to this paragraph decline to return the Discovery Material, the Producing Party seeking return of the Discovery Material may thereafter move for an Order compelling the return

of the Discovery Material. In any such motion, the Producing Party shall have the burden of showing that the Discovery Material is Confidential Discovery Material and/or privileged and that the production was inadvertent.

16.     Entry of the foregoing Protective Order is without prejudice to the right of the Parties or Non-Parties to apply for further protective orders. The Parties may agree to modify the provisions of this Protective Order, except Paragraphs 5 and 13, which can be modified only by Court Order. If this Protective Order is so modified by agreement, a copy of the modified Protective Order shall be provided to all persons previously provided with a copy of the Protective Order.

17.     This Protective Order does not affect the Producing Parties' right to use its own Confidential Discovery Material or information in any way. This Protective Order shall not apply to the disclosure by a Producing Party or its counsel of such Producing Party's Confidential Discovery Material to such Producing Party's employees, agents, former employees, board members, directors, and officers.

**IT IS SO ORDERED**.

Dated:  March 8, 2011.

/s/ ***Stephen C. Williams***
Stephen C. Williams
United States Magistrate Judge


Agreed to by:

   s/ **Christina T. Lynch**                          s/ **David A. Gusewelle**
Christina T. Lynch, Esq.                    David A. Gusewelle, Esq.
CHITTENDEN, MURDAY & NOVOTNY LLC    MATHIS, MARIFIAN & RICHTER, LTD.
303 W. Madison Street, Suite 1400         23 Public Square, Suite 300
Chicago, Illinois 60606                       Belleville, Illinois 62220
*Attorney for Defendant*                     *Attorney for Plaintiff*
*Hartford Life Insurance Company*         *Gary S. Hines*

# EXHIBIT "A"

The undersigned has read the Protective Order in this case (Cause No. 3:10-cv-00265-DRH-SCW), understands the terms and agrees to maintain and handle all Confidential Discovery Material pursuant to the terms of the Protective Order and to be bound by the Protective Order in this regard.

_____
Signature

_____
Name (Print)

_____
Address

_____
City, State, Zip

_____
Telephone